# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| GERARDO THOMAS GARZA, <br><br> Plaintiff, <br><br> v. <br><br> STEVE TURLEY et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:09-CV-801 DAK <br><br> District Judge Dale A. Kimball |

Plaintiff, Gerardo Thomas Garza, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2010). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915, *see* 28 U.S.C.A. § 1915 (West 2010), and his Complaint was served upon Defendants by the United States Marshals Service. Defendants filed an Answer and a *Martinez* Report addressing Plaintiff's allegations.[1] No additional discovery was conducted. Before the Court is Defendants' Motion for Summary Judgment based on the *Martinez* Report.

## ANALYSIS

### I. Background

Plaintiff's Complaint alleges cruel and unusual punishment under the Eighth Amendment based on denial of adequate medical care and exposure to unconstitutional conditions of

---

[1] In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), the Tenth Circuit approved the practice of district courts ordering prison administrators to prepare a report to be included with the pleadings in cases where a prisoner alleges a constitutional violation by prison officials.

confinement.[2]  Plaintiff's medical care claim alleges that he was deprived of special orthopedic footwear; while his conditions-of-confinement claim alleges that he was denied access to a continuously flushing toilet.  Plaintiff asserts that prison medical staff approved these accommodations for him based on his medical needs, but prison housing and security officials failed to provide them as recommended.  Plaintiff states that he suffered severe physical pain and emotional trauma due to denial of these accommodations.  Plaintiff's Complaint names as defendants numerous Utah State Prison officials in their individual capacities.

Defendants move for summary judgment on all claims, asserting there are no genuine issues of material fact and that the evidence does not support a claim of cruel and unusual punishment under the Eighth Amendment.  Specifically, Defendants contend that the record shows Plaintiff was not without adequate footwear or a continuously flushing toilet for any substantial length of time.  Plaintiff was given ample opportunity to respond and has filed an opposition memorandum with supporting declarations and other documentation.

## II. Facts[3]

1.      Plaintiff has been an inmate at the Utah State Prison since March 8, 2007.  (Defs.' Mem. Supp. Mot. Summ. J. (Dkt. no. 52), Ex. 1, "*Offender Physical Location History*" for

---

[2] Plaintiff's pro se Complaint also refers generally to the Americans with Disabilities Act (ADA) and the "Rehabilitation Act of 1973," however, it does not provide sufficient detail to support a claim under either of those statutes.

[3] The material facts presented here are drawn primarily from Defendant's Memorandum in Support of Motion for Summary Judgment (Dkt. no. 52).  Except as specifically noted, these facts are not in dispute.

*Inmate Garza*.)

2.  Plaintiff has a medical condition for which he is allowed to have special shoes and insoles. (Defs.' Mem. Supp. Mot. Summ. J. (Dkt. no. 52), Ex. 2, *"Offender Medical Issue Detail" for Inmate Garza*.)

3.  On September 20, 2007, size 10, well padded supportive shoes with Velcro closures were ordered for Plaintiff. (Decl. of Sam Stone (Dkt. no. 46) ¶ 10.)

4.  On November 2, 2007, insoles were delivered to Plaintiff. (Decl. of Sam Stone (Dkt. no. 46) ¶ 11.)

5.  On February 21, 2008, Plaintiff was fitted for custom inserts ("orthotics") and shoes. (Decl. of Sam Stone (Dkt. no. 46) ¶ 12.)

6.  Plaintiff was transferred to the Uinta 1 Facility on March 13, 2008. (Dkt. no. 52, Ex. 1.)

7.  On March 26, 2008, Plaintiff was issued new shoes with orthotics. The new shoes had shoelaces instead of Velcro straps. (Decl. of Renee Springman (Dkt. no. 40), Ex. A at 1001.)

8.  Shoelaces are not allowed in the Uinta 1 Facility for security reasons. (Decl. of Steven Turley (Dkt. no. 48), ¶¶ 4, 5 & 6 and Ex. A thereto.)

9.  On July 1, 2008, Plaintiff was transferred to the Uinta 4 Facility, where he remained until August 3, 2008, when he was transferred back to the Uinta 1 Facility. (Dkt. no. 52, Ex. 1.)

10. On October 7, 2008, Plaintiff was told that because of heightened security restrictions in the Uinta 1 Facility, and the inherent risk that shoelaces could be used to harm

himself or others, he could not retain his lace-up orthopedic shoes in Uinta 1. Accordingly, Plaintiff's shoes were sent to Property, with instruction to send the shoes to Medical. (Decl. of Anna Lee Carlson (Dkt. no. 50) ¶ 5.) Plaintiff was also told that alternative shoes with Velcro closures were allowed in Uinta 1. (Decl. of Bart Oakley (Dkt. no. 43) ¶ 6.)

11. On October 13, 2008, Plaintiff ordered new insoles from medical. (Decl. of Anna Lee Carlson (Dkt. no. 50) ¶ 8.)

12. New orthopedic shoes were ordered for Plaintiff on November 26, 2008. (*Id.*)

13. On April 1, 2009, Plaintiff received a new pair of orthopedic shoes with Velcro straps. (Decl. of Richard Garden (Dkt. no. 42) ¶ 8.)

14. Plaintiff also suffers from a medical condition, ulcerative colitis, for which he received a "medical clearance" to have the toilet in his cell adjusted to allow "on demand" continuous flushing. (Decl. of Renee Springman, (Dkt. no. 40), Ex. A at 1290.)

15. On April 2, 2008, Plaintiff submitted an ADA request to have his toilet adjusted due to his medical condition. (Decl. of Angie Stevens (Dkt. no. 49), Ex. A.)

16. Soon thereafter, maintenance staff adjusted the flush regulator on Plaintiff's toilet to accommodate his request. (Decl. of Angie Stevens (Dkt. no. 49) ¶ 5.)

17. While Plaintiff was assigned to the Uinta 1 Facility, he was moved to three different sections, resulting in Plaintiff being housed in three different cells. (Dkt. no. 52, Ex.1.)

18. Each time Plaintiff was reassigned to a new cell, the Maintenance Department was contacted to adjust the toilet regulator in that cell to allow "on demand" flushing. The Maintenance Department adjusted the toilet regulator each time Plaintiff was reassigned to a new

cell. (Decl. of Bryant Herman (Dkt. no. 44) ¶ 6.)

### III. Summary Judgement Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Cellotex v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986). Thus, Rule 56(a) of the Federal Rules of Civil Procedure allows a party to move "with or without supporting affidavits for a summary judgment in the party's favor upon all or any part of [a claim]." Fed. R. Civ. P. 56(a).

The party moving for summary judgment bears the initial burden of showing "that there is an absence of evidence to support the non-moving party's case." *Cellotex*, 477 U.S. at 325. This burden may be met merely by identifying portions of the record which show an absence of evidence to support an essential element of the opposing party's case. *Johnson v. City of Bountiful*, 996 F. Supp 1100, 1102 (D. Utah 1998).

Once the moving party satisfies its initial burden "the burden then shifts to the nonmoving party to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of [the disputed] element." *Id.* Federal Rule of Civil Procedure 56(e) requires a nonmovant "that would bear the burden of persuasion at trial" to "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-*

*Mart Stores*, 144 F.3d 664, 671 (10th Cir. 1998). The specific facts put forth by the nonmovant "must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein." *Thomas v. Wichita Coca-Cola Bottling*, 968 F.2d 1022, 1024 (10th Cir. 1992). Mere allegations and references to the pleadings will not suffice. However, the court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

## IV. Defendants' Motion for Summary Judgment

Defendants move for summary judgment on Plaintiff's Eighth Amendment claims alleging: 1) denial of adequate orthopedic footwear; and, 2) denial of special housing accommodations with a continuously flushing toilet. The court addresses each of these claims in turn.

### A. Footwear

#### i. Legal Standard

To support an Eighth Amendment claim for denial of medical care an inmate must establish two elements: (1) that he had a serious medical need; and, (2) that the defendants were deliberately indifferent to that need. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285 (1976). "Deliberate indifference involves both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component is met if the deprivation is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize

the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

The subjective component is met only if a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Allegations of negligence in diagnosing or treating a medical condition, *Estelle*, 429 U.S. at 105, or "inadvertent failure to provide adequate medical care," *Riddle v. Mondragon*, 83 F.3d 1197, 1203 (10th Cir. 1996), are insufficient to state a claim under the Eighth Amendment. "Delay in [providing] medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Sealock*, 218 F.3d at 1210. The Tenth Circuit has held that the "substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 949, 950 (10th Cir. 2001).

### ii. Sufficiency of Plaintiff's Evidence

Plaintiff has not presented sufficient evidence to support a claim of cruel and unusual punishment based on denial of special footwear. Even assuming that Plaintiff's foot problems are sufficiently serious to satisfy the objective prong of the Eighth Amendment standard, the record does not show that Defendants were deliberately indifferent to Plaintiff's needs. Instead, the record shows that Defendants made substantial efforts to ensure Plaintiff had adequate footwear for his condition, despite the security restrictions prohibiting lace-up shoes.

There is no dispute that the prohibition against shoelaces in Uinta-1 is based on legitimate safety and security concerns. Moreover, it is well-settled that inmates do not have a

constitutional right to a specific classification or housing assignment. There is also no evidence that Plaintiff's transfer to Unita-1 was malicious or retaliatory. Following Plaintiff's transfer to Uinta One, Defendants took timely and appropriate steps to obtain alternative footwear for Plaintiff with velcro straps rather than shoelaces. Plaintiff was also given orthotic inserts to go with the replacement shoes to help with his condition.

Plaintiff's contention that the replacement shoes with inserts were somehow inferior to the lace-up shoes, or were not precisely what was recommended for him, is unavailing. The fact that Defendants made reasonable, timely efforts to accommodate Plaintiff's needs, within the confines of legitimate security restrictions, fatally undermines Plaintiff's claim of deliberate indifference. Moreover, even assuming that Defendants were mistaken in their assessment that the replacement shoes were sufficient for Plaintiff's needs, mere negligence is not sufficient to state a claim under the Eighth Amendment.

Thus, Defendants are entitled to summary judgment on Plaintiff's claim for denial of adequate footwear.

### B. Toilet Access

Plaintiff asserts that he was subjected to unconstitutional conditions of confinement by being denied for extended periods the ability to repeatedly flush his cell toilet as often as he wanted. The record shows that Plaintiff suffers from ulcerative colitis, a serious medical condition which causes frequent bowel movements and necessitates unfettered toilet access. Based on his condition, Plaintiff received a clearance to have the flush regulator in his cell adjusted to allow him to flush the toilet as frequently and as often as he wanted. The flush

regulator prevents inmates from flooding their cells by repeatedly flushing the toilet within a short period of time.[4]  Plaintiff states that after receiving approval for on-demand flushing he was moved repeatedly to different cells and that it sometimes took days or even weeks to get the flush regulator in his new cell adjusted.  Defendants contend that timely maintenance requests to have the flush regulator in Plaintiff's cell adjusted were submitted each time Plaintiff was moved, and, regardless of any delays in making the adjustments, Plaintiff was never exposed to unconstitutional conditions of confinement.

### i. Legal Standard for Conditions of Confinement Claims

The Eighth Amendment's prohibition on cruel and unusual punishment requires that prison officials "provide humane conditions of confinement by ensuring that inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee inmates' safety." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998).

An Eighth Amendment conditions-of-confinement claim consists of both an objective and subjective component.  The objective component is met only if the condition complained of is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1994).  A condition is sufficiently serious if it poses "a substantial risk of serious harm" to the inmate. *Id.*  Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions

---

[4] It is not clear how frequently inmates are able to flush their cell toilets with the standard regulator, however, Plaintiff does not contend that use of the regulator creates a serious risk to inmate health or safety under normal conditions.

must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id.* As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while substantial deprivations . . . may meet the standard despite a shorter duration." *Id.*

The subjective component of a conditions-of-confinement claim requires the plaintiff to show that the defendant exhibited "deliberate indifference" to the inmate's health or safety. *Farmer*, 511 U.S. at 832. Deliberate indifference "requires both knowledge and disregard of possible risks, a *mens rea* on a par with criminal recklessness." *Despain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001). The defendant must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

### ii. Sufficiency of Conditions of Confinement Claim

Addressing the first prong of the *Farmer* test, Plaintiff has not shown that he was ever held under conditions which exposed him to a substantial risk of serious harm. Plaintiff does not allege that he was denied toilet access or confined for an extended period to a cell without a working flush toilet; instead, Plaintiff merely alleges that after transferring him to a new cell Defendants did not timely accommodate his request for "on-demand" flushing. While this may have placed Plaintiff in the unpleasant position of not being able to flush the toilet immediately

10

after each use, there is no evidence that Plaintiff was subjected to unsafe conditions of confinement. For instance, Plaintiff has not shown that his toilet ever overflowed, or that he was ever directly exposed to sewage. Moreover, Plaintiff has not shown that he suffered any serious injury as a result of not being able to flush his toilet on demand.

Turning to the second prong of the *Farmer* standard, there is no evidence that Defendants knew Plaintiff faced a substantial risk of serious harm, or were deliberately indifferent to Plaintiff's health or safety needs. In fact, the record shows that Defendants reasonably believed Plaintiff was not in any immediate danger due to the lack of on-demand flushing, and that the accommodation was merely a matter of comfort and convenience. Despite this belief, Defendants still made every effort have the flush regulator in Plaintiff's cell adjusted each time he was moved. Plaintiff has not shown that Defendants moved him to a different cell to intentionally deny him needed accommodations, nor has Plaintiff shown that any delay in adjusting his flush regulator was deliberate, malicious or retaliatory. In sum, there is no evidence here that Defendants were deliberately indifferent to Plaintiff's needs.

Thus, Defendants are entitled to summary judgment on Plaintiff's conditions-of-confinement claim.

**ORDER**

Based on the forgoing analysis, **IT IS HEREBY ORDERED** that:

(1) Defendants' Motion for Summary Judgment (Dkt. no. 51) is **GRANTED**; and,

(2) this case is **CLOSED**.

DATED this 18th day of February, 2011.

BY THE COURT:

_____
Dale A. Kimball
United States District Judge